FILED
05/20/2022
Terry Halpin
CLERK
Yellowstone County District Court
STATE OF MONTANA
By: Robyn Schierholt
DV-56-2022-0000484-DE
Knisely, Mary Jane
1.00

FILED
11/15/2023
Clerk, U.S. District Court
District of Montana
Billings Division

Jacquelyn Hughes
HUGHES LAW, P.L.L.C.
1690 Rimrock Rd. Ste. F
Billings, MT 59102
(406) 855-4979
contactus@hugheslawmt.com

Attorneys for Plaintiff

# IN THE THIRTEENTH JUDICIAL DISTRICT COURT
## YELLOWSTONE COUNTY, MONTANA

| | |
|---|---|
| LINDSAY E. WEINBERG,<br><br>    Plaintiff,<br><br>vs.<br><br>SALLIE MAE BANK; NATIONAL RECOVERIES, INC., NAVIENT CORPORATION, NAVIENT SOLUTIONS, LLC, NAVIENT CREDIT FINANCE COPORATION, and JOHN DOES, INC. 1-10<br><br>    Defendants, | Cause No.: DV-56-2022-0000484-DE<br><br>Judge: Mary Jane Knisely<br><br>**COMPLAINT AND**<br>**DEMAND FOR JURY TRIAL**<br><br>CV-23-123-BLG-SPW-TJC |

Comes Now, Plaintiff Lindsay Weinberg, and alleges and avers against Defendants Sallie Mae Bank, National Recoveries, Inc. and the Navient Defendants as follows:

**PARTIES**

1.  Plaintiff Lindsay Weinberg is a resident of Yellowstone County, Montana.

2.  Defendant Navient Corporation is a Delaware corporation with its principal executive offices located in Wilmington, Delaware.

3.  Defendant Navient Corporation was a servicer of Plaintiff's federal student loans.

Complaint and
Demand for Jury Trial
Page 1

4.      Defendant Navient Solutions, LLC is a Delaware limited liability company and wholly owned subsidiary of Navient Corporation, with its principal place of business in Herndon, Virginia.

5.      Defendant Navient Solutions, LLC was a servicer of Plaintiff's federal student loans.

6.      Defendant Navient Credit Finance Corporation is a Delaware corporation with its principal place of business in Reston, Virginia.

7.      Defendant Navient Credit Finance Corporation was a servicer of Plaintiff's federal student loans.

8.      One of the Defendants identified in Paragraphs 2 through 7 herein, is the collection agency to which Plaintiff's student loans were assigned but it has not disclosed its identity beyond "Navient".

9.      Communication from the Department of Education states Plaintiff's account was held by "Navient" but does not specify which specific "Navient" entity was the loan servicer.

10.     Defendant Sallie Mae Bank is a private for-profit corporation with its principal place of business in Utah.

11.     Defendant Sallie Mae Bank services federally originated student loans.

12.     Defendant Sallie Mae Bank is a successor in interest to one or more of the Navient Defendants.

13.     Defendant National Recoveries, Inc. is a Minnesota For Profit Corporation that does business as a debt collector.

14.     The true names and capacities of John Does 1-10, inclusive, are unknown to Plaintiff, who therefore brings this action against said Defendants by fictitious names.  Plaintiff

will seek leave to amend the *Complaint* to state the true names and capacities of Does 1-10, inclusive, when the same have been ascertained, together with further appropriate charging allegations. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged herein and that Plaintiff's damages as alleged herein were caused by Defendants' acts or omissions. Defendants John Does 1-10 inclusive, are natural persons, corporations, partnerships, joint ventures, or other legal entities who negligently and/or unlawfully caused or contributed to Plaintiff's damages as herein alleged.

15. Defendants Sallie Mae Bank, National Recoveries, Inc., Navient Defendants or John Does, Inc. are currently, or have previously, been the loan servicing companies for Plaintiff's federal student loans.

16. Jurisdiction and venue are proper in this Court as at least some of the unfair debt collection practices at issue herein occurred in Yellowstone County, Montana.

## FACTS RELEVANT TO ALL COUNTS

17. Plaintiff hereby incorporates all previous paragraphs as though fully restated herein.

18. Plaintiff attended the University of Saint Augustine for Health Sciences in 2010, 2011 and 2012.

19. University of Saint Augustine is a for profit institution.

20. In 2010, Plaintiff applied for, and received, Federal Family Education Loans through Federal Student Aid, an Office of the Department of Education in the amount of $62,490.00.

21. In 2011 and 2012, Plaintiff applied for, and received Federal Direct Student Loans in the amount of $92,670.

22. The interest rates on Plaintiff's student loans range from 6.8% to 8.5%.

23. The Higher Education Act of 1965 provides the statutory authorization for federal student loans.

24. The Department of Education is the lender of Plaintiff's student loans, meaning the loans were disbursed from the Department of Education.

25. The Department of Education contracts with several collection agencies to administer many of the collection activities of its accounts.

26. The administration of collection activities is often referred to as loan servicing.

27. Loan servicing refers to the administrative aspects of a loan from the time the proceeds are disbursed until the loan is paid off.

28. Loan servicing generally includes sending monthly payment statements and collecting monthly payments, maintaining records of payments and balances, collecting and paying taxes and insurance (and managing escrow and impound funds), remitting funds to the note holder, and following up on delinquencies.

29. Department of Education hires private companies to pursue collections of student loans in default.

30. Department of Education pays its private loan servicing companies a commission on all payments collected, incentivizing private debt collectors to service the loans in a manner that maximizes a long-term payout, without regard to consumer and debtor protection laws.

31. Defendant National Recoveries is the current loan servicer and debt collection agency for the Plaintiff's federal student loans.

32. Plaintiff has made payments to one or more Navient Defendants totaling at least $17,874.10. Defendant National Recoveries and Department of Education have not stated how these payments were applied to Plaintiff's various loans, which have various interest rates.

33. Plaintiff has made payments to Department of Education in the amount of at least $4,476.00. Department of Education has not stated how these payments were applied to Plaintiff's various student loans, all of which have various interest rates.

34. Despite payments of over $22,000 over the past several years, at the end of 2019 Plaintiff's student loan debt had inexplicably risen to $286,184.99.

35. Department of Education claims that $43,490.80 of the $286,184.99 includes "collection costs," which are "projected" and not yet incurred but must still be paid to satisfy the outstanding balance on Plaintiff's student loan.

36. Prior to filing this lawsuit, Plaintiff, through counsel, contacted Defendant National Recoveries and requested:

1. Copies of the original documents whereby my client contractually agreed to the above referenced indebtedness;

2. Copies of all correspondence between you and my client or between any representative acting on your behalf and my client;

3. Copies of all documents establishing that you own the above referenced debt;

4. Copies of all records reflecting all payments made by Ms. Weinberg to any entity that owned the alleged debt at any time; and

5. An accounting reflecting the debt you allege Ms. Weinberg originally incurred, the interest accrued on the debt, when such interest accrued, all fees and penalties assessed by any company owning the alleged debt at any time, all payments made by Ms. Weinberg and the total you allege Ms. Weinberg owed after each credit or debit.

37. A true and correct copy of the letter to Defendant National Recoveries is attached

hereto at Exhibit A.

38. An *Authorization for Release of Information* was provided to Defendant National Recoveries to disclose the information requested.

39. Defendant National Recoveries did not provide:

1. Copies of all correspondence between you and my client or between any representative acting on your behalf and my client;
2. Copies of all documents establishing that you own the above referenced debt;
3. Copies of all records reflecting all payments made by Ms. Weinberg to any entity that owned the alleged debt at any time; and
4. An accounting reflecting the debt you allege Ms. Weinberg originally incurred, the interest accrued on the debt, when such interest accrued, all fees and penalties assessed by any company owning the alleged debt at any time, all payments made by Ms. Weinberg and the total you allege Ms. Weinberg owed after each credit or debit.

40. A follow up letter was sent to Defendant National Recoveries re-requesting the information identified in Paragraph 36 of this *Complaint*.

41. A true and correct copy of the January 9, 2020 letter to Defendant National Recoveries is attached hereto at Exhibit B.

42. Defendant National Recoveries did not respond to the January 9, 2020 letter.

43. In a January 6, 2020 letter, Department of Education acknowledged Plaintiff was requesting a review of her account.

44. Department of Education produced the original promissory notes and a letter stating the amount due. It did not provide any of the other requested information. A trued and correct copy of January 6, 2020 letter from Defendant Department of Education is attached hereto at Exhibit C.

45. As a result of the conduct of Defendants National Recoveries, Plaintiff has not

been able to assess whether her loan has been properly handled, nor has she been able to assess the validity of the amount claimed due.

46. For decades, public perception of student loans procured through Department of Education is that these loans are untouchable and debtors have no recourse when their loans are not handled properly.

47. Student loan exit interviews often explain that there are two ways to discharge student loans. The first is to pay them off in full. The second is to die.

48. Such a perception has led to private loan servicers taking advantage of debtors, violating consumer and debtor protection laws, and seeking to recoup amounts of money far in excess of what is actually owed by the debtor.

## COUNT I
### DEBT COLLECTIONS AND CONSUMER PROTECTION VIOLATIONS
### DEFENDANTS SALLIE MAE BANK, NATIONAL RECOVERIES AND NAVIENT DEFENDANTS

49. Plaintiff hereby incorporates all previous paragraphs as though fully restated herein.

50. Plaintiff is a debtor, as such term is defined by various consumer protection and fair debt collection acts.

51. Defendants Sallie Mae Bank, National Recoveries and all Navient Defendants are creditors.

52. Defendant Department of Education expressly states that Defendant National Recoveries is its "collection agency."

53. Defendant National Recoveries advertises itself as "an experienced debt recovery service provider that helps businesses, large and small, recover their debts through a value-aligned, results-focused approach."

54. Defendants Sallie Mae, National Recoveries and Navient Defendants have violated state and federal debtor and consumer protection laws in the servicing of Plaintiff's student loans.

55. The debts at issue are consumer debts.

56. Plaintiff has suffered and continues to suffer damages as a result of Defendants Sallie Mae's, National Recoveries' and Navient Defendants' unfair debt collections practices, including financial harm, harm to her credit, and emotional distress.

57. Plaintiff is entitled to recover all compensatory and actual damages as well as attorney fees and costs incurred in this action.

## COUNT II
## VIOLATION OF THE HIGHER EDUCATION ACT
## DEFENDANTS SALLIE MAE BANK, NATIONAL RECOVERIES AND NAVIENT DEFENDANTS

58. Plaintiff hereby incorporates all previous paragraphs as though fully restated herein.

59. The Higher Education Act of 1965 provides the statutory authorization for federal student loans.

60. Through the authority of the Higher Education Act, Department of Education originated the student loans provided to Plaintiff for her education at the University of Saint Augustine.

61. Pursuant to the terms of the Higher Education Act, Department of Education sets standards for the private loan servicing companies with which it contracts for administration of Federal Student Loans.

62. Defendants have violated the standards set by the Department of Education, standards which were set in accordance with the Higher Education Act.

63. Plaintiff has suffered and continues to suffer damages as a result of Defendants' violation of the Higher Education Act, including financial harm, harm to her credit, and emotional distress.

64. Plaintiff is entitled to recover all compensatory and actual damages as well as attorney fees and costs incurred in this action.

**WHEREFORE**, Plaintiff prays for judgment against Defendants for all damages to which she is entitled under state and federal law as well as all damages incurred as a result of violations to the Constitution of the United States of America.

Dated this 20 day of May 2022

        HUGHES LAW, P.L.L.C.

        /s/ Jacquelyn M. Hughes
        Jacquelyn M. Hughes

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated this 20th day of May 2022.

        HUGHES LAW, P.L.L.C.

        /s/ Jacquelyn M. Hughes
        Jacquelyn M. Hughes

## VERIFICATION

STATE OF MONTANA )
:ss.
County of Yellowstone )

LINDSAY WEINBERG, being first duly sworn, deposes and says:

That she is the Plaintiff in the foregoing action; that she has read the foregoing, knows the contents thereof and that the facts and matters therein contained are true, accurate and complete to the best of his knowledge and belief.

_____
Lindsay Weinberg

SUBSCRIBED AND SWORN TO me this 23 day of March, 2022.

(Notarial Seal)

_____
Signature of Notary Public

KINLEE HENRY
NOTARY PUBLIC for the
State of Montana
Residing at Billings, MT
My Commission Expires
April 29, 2025