IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| LINDSAY E. WEINBERG,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>NAVIENT CORPORATION, NAVIENT SOLUTIONS, LLC, NAVIENT CREDIT FINANCE COPORATION, and JOHN DOES, INC. 1–10,<br><br>　　　　　Defendants. | CV 23-123-BLG-SPW-TJC<br><br>**FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE** |

In response to the Court's Order on April 2, 2024 (Doc. 36), Plaintiff Lindsay E. Weinberg has filed a Motion for Remand. (Doc. 37.) Defendants Navient Corporation, Navient Solutions, LLC, and Navient Credit Finance Corporation (collectively "Defendants") filed a brief in opposition to Weinberg's motion. (Doc. 39.) Weinberg did not file a reply.

For the following reasons, the Court recommends that Weinberg's Motion for Remand be GRANTED.

/ / /

/ / /

/ / /

1

## I.  BACKGROUND

This action was originally filed in Montana state district court.  (*See* Doc. 11.)  Weinberg alleged that she applied for and received federal student loans in 2010, 2011, and 2012, in the aggregate amount of $155,160.  (*Id.* at 3.)  Interest on the loans range from 6.8% to 8.5%.  (*Id.* at 4.)  Weinberg alleged she made payments on the loans totaling over $22,000, but "at the end of 2019 Plaintiff's student loan debt had inexplicably risen to $286,184.99."  (*Id.* at 5.)  Weinberg asserted claims for relief under "state and federal debtor and consumer protection laws" (Count I) and the Higher Education Act (Count II).  (*Id.* at 7–9.)

Defendants subsequently removed this case from state court based on federal question jurisdiction under 28 U.S.C. § 1331.  (*See* Doc. 1 at 3–4.)  After removal, however, Weinberg filed an Amended Complaint, and did not retain her federal claims.  (*See* Doc. 20.)  Her Amended Complaint now only asserts state law claims for breach of contract, breach of the implied covenant of good faith and fair dealing, negligent representation, and attorney fees.  (*Id.* at 5–9.)

On April 2, 2024, the Court issued an Order determining sua sponte that Weinberg's Amended Complaint lacked a statement of the grounds for the Court's subject matter jurisdiction.  (Doc. 36.)  In addition to the absence of a federal question in the Amended Complaint, it was unclear from Weinberg's Amended Complaint whether the Court may exercise diversity jurisdiction.  Her Amended

2

Complaint neither provided the state of which she is a citizen, nor stated whether the amount in controversy exceeds $75,000.  Thus, the Court could not conclude that it has jurisdiction over this matter, and ordered that Weinberg file either a second amended complaint or a motion to remand this action to state court.  (*Id.* at 6.)

On April 23, 2024, Weinberg filed her Motion for Remand.  (Doc. 37.)  In her brief in support of the motion, Weinberg acknowledged that she is a citizen of Montana, clarifying that "[t]he parties here are citizens of different states" for purposes of 28 U.S.C. § 1332.  (Doc. 38 at 2–3.)  She added, however, that she "lack[ed] sufficient information to allege that her damages exceed $75,000 at this time." (*Id.* at 3.)

Defendants filed a brief opposing Weinberg's motion, arguing that the amount in controversy requirement is satisfied, and thus, the Court has diversity jurisdiction over Weinberg's claims.  (Doc. 39.)  Alternatively, Defendants request a period of limited discovery so that the amount in controversy can be "conclusively resolved."  (*Id.* at 2–3.)

## II.   DISCUSSION

When ruling on a motion to remand, the court looks to the complaint and the notice of removal.  *Emeldi v. Univ. of Or.*, 698 F.3d 715, 731 (9th Cir. 2012); *see also Britton v. Rolls Royce Engine Servs.*, 2005 WL 1562855, at *2 (N.D. Cal.

June 30, 2005). "On a plaintiff's motion to remand, it is a defendant's burden to establish jurisdiction by a preponderance of the evidence." *Dobbs v. Wood Grp. PSN, Inc.*, 201 F. Supp. 3d 1184, 1188 (E.D. Cal. 2016).

Since neither party argues that the Court continues to have federal question jurisdiction, it is necessary to determine whether the Court has jurisdiction of this action on other grounds. Specifically, it must be determined whether it is appropriate to exercise supplemental jurisdiction over Weinberg's state law claims, or whether diversity jurisdiction exists.

A.   **Supplemental Jurisdiction**

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). Thus, when a complaint is properly removed to federal court based on a federal question asserted by a particular claim, the district court has supplemental jurisdiction over the state law claims in the complaint. *Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F.3d 931, 938 (9th Cir. 2003).

When all claims with original jurisdiction have been disposed of, however, federal courts have the discretion to accept or decline the exercise of supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367. *Oliver v.*

*Ralphs Grocery Co.*, 654 F.3d 903, 911 (9th Cir. 2011); *see also* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction."). The court should look at factors such as judicial economy, convenience, fairness, and comity to determine whether the balance of these factors favor retaining the state law claims. *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010).

Some courts have concluded that, when a plaintiff files an action in federal court based on federal question jurisdiction along with additional state law claims that qualify for supplemental jurisdiction, and subsequently amends the complaint to drop the claim with the federal question, the court should dismiss the remaining state law claims. *See, e.g.*, *Corrado v. City of Portland*, 2022 WL 225584, at *2 (D. Or. Jan. 26, 2022); *Gentry v. Bank of N.Y. Mellon*, 2015 U.S. Dist. LEXIS 75922, at *12–13 (C.D. Cal. June 11, 2015).

Conversely, "when a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 n.6 (2007). Nevertheless, the court has the discretion to remand state law claims back to state court when the plaintiff drops the federal claim in an amended complaint. *Horne v. Wells Fargo Bank, N.A.*, 969

F. Supp. 2d 1203, 1209–10 (C.D. Cal. 2013). When the court "has not engaged substantively" in the remaining state law claims, remand is generally favored. *Nelson v. Foster Poultry Farms*, ___ F. Supp. 3d ___, 2023 WL 8600065, at *12 (E.D. Cal. Dec. 12, 2023).

Here, balancing the relevant factors of judicial economy, convenience, fairness, and comity does not favor retaining the state law claims based on supplemental jurisdiction. This case does not present a situation where the action has been pending for an extended period and significant time and resources have already been expended by the parties and the Court; nor has the Court engaged substantively in Weinberg's state law claims. The case had been in federal court for fewer than six months when Weinberg filed her motion to remand, and the action has not yet advanced past the pleadings stage. Thus, considerations of judicial economy, convenience, and fairness do not favor exercising supplemental jurisdiction. Moreover, the remaining claims present purely state law issues, which Montana courts are ideally suited to address.

Accordingly, the Court concludes that it should decline to exercise supplemental jurisdiction over Weinberg's state law claims.

/ / /

/ / /

/ / /

### B. Diversity Jurisdiction

Federal district courts have original jurisdiction over an action where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Unlike supplemental jurisdiction, a district court does not have discretion to remand a case after the federal question claims have been removed if the court also has diversity jurisdiction of the action. *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006). The Ninth Circuit has determined that "[o]nce a case has been properly removed, the district court has jurisdiction over it on all grounds apparent from the complaint, not just those cited in the removal notice." *Id*. at 977.

In this case, however, Weinberg states that she "does not have sufficient information to allege that her damages exceed the jurisdictional amount of $75,000." (Doc. 38 at 2.) She alleges that she has paid $17,874.10 toward the student loans assigned to Defendants, but that the United States Department of Education "has not provided information as to when these payments were made or how they were credited." (*Id.*) In other words, although Weinberg asserts "that the amounts paid were not properly applied, [and] the amount owed on Plaintiff's student loans is higher than it should be," ultimately, "[t]hat amount is not known at this time." (*Id.* at 3.)

/ / /

In response, Defendants argue that the Amended Complaint "puts at issue a sum greater than $75,000," because she "challenges the entire $286,189.99 balance" on her student loans, "claiming it is wrongly calculated." (Doc. 39 at 6.) Defendants also note that the difference of the current balance ($286,190) and the original balance ($155,160), less Weinberg's payments to date ($22,000), well exceeds $75,000. (*Id.*)

"The amount in controversy is what is at stake in the litigation at the time of removal." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018). The amount includes "damages (compensatory, punitive, or otherwise) . . . as well as attorneys' fees awarded under fee shifting statutes." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)) (internal quotation marks omitted).

In circumstances where the complaint affirmatively alleges an amount in controversy in excess of $75,000, the jurisdictional requirement is said to be "presumptively satisfied." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). When this is the case, this presumption can only be overcome if

"it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." *Id.* (quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996)).

In contrast, where "a plaintiff's state court complaint does not specify a particular amount of damages, the removing party bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the threshold at the time of removal." *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 849 (9th Cir. 2020) (quoting *Sanchez*, 102 F.3d at 404) (internal quotation marks omitted).

Although Weinberg filed an Amended Complaint, this Court is obligated to review the original state court Complaint to determine whether the amount in controversy requirement is satisfied. *See Chavez*, 888 F.3d at 417 ("[W]hen the amount in controversy is satisfied at removal, any subsequent amendment to the complaint or partial dismissal that decreases the amount in controversy below the jurisdictional threshold does not oust the federal court of jurisdiction.").

Here, Weinberg's original Complaint did not specify a particular amount of damages, so the jurisdictional requirement is not presumptively satisfied. Further, Defendants have not satisfied their burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeded $75,000 at the time of removal.

9

In her Complaint, Weinberg alleged the following:

> In 2010, Plaintiff applied for, and received, Federal Family Education Loans through Federal Student Aid, an Office of the Department of Education in the amount of $62,490.00. In 2011 and 2012, Plaintiff applied for, and received Federal Direct Student Loans in the amount of $92,670. The interest rates on Plaintiff's student loans range from 6.8% to 8.5%. . . . Plaintiff has made payments to one or more Navient Defendants totaling at least $17,874.10. . . . Plaintiff has made payments to Department of Education in the amount of at least $4,476.00. Department of Education has not stated how these payments were applied to Plaintiff's various student loans, all of which have various interest rates. Despite payments of over $22,000 over the past several years, at the end of 2019 Plaintiff's student loan debt had inexplicably risen to $286,184.99. Department of Education claims that $43,490.80 of the $286,184.99 includes "collection costs," which are "projected" and not yet incurred but must still be paid to satisfy the outstanding balance on Plaintiff's student loans.

(Doc. 11 at 3–5 (paragraph numbers omitted).)[1]

Weinberg also asserted in her Complaint that she attempted to obtain records regarding her loan, including an accounting of the accrual of her debt, but was not provided with the information requested. (Doc. 11 at 5–6.) As a result, Weinberg was unable to "assess whether her loan has been properly handled, nor has she been able to assess the validity of the amount claimed due." (*Id.* at 6–7.) In short, it appears that when this case was filed and removed to this Court, Weinberg did

///

---

[1] These allegations are identical to those in the Amended Complaint except for the final sentence which was not alleged in the Amended Complaint. (*See* Doc. 20 at 4–5.)

not know whether, and to what extent, the current balance of her loans is accurate. Thus, the amount in controversy was anything but certain.

As noted above, Defendants attempt to offer proof of the amount in controversy by arguing that "Plaintiff challenges the entire $286,189.99 balance, claiming it is wrongly calculated." (Doc. 39 at 6.) Defendants also argue that even if all of Weinberg's alleged payments went towards principal, she has still put at issue at least $109,000. (*Id.*)

Defendants' argument is flawed. Weinberg does not challenge the entire $286,189.99 balance on her student loans. She acknowledges that the payments she has made on her loans are only a portion of the respective principals and that her loans are subject to interest. Weinberg also does not suggest that all payments made should have been applied to principal. Instead, she alleges that she simply does not know how her "payments have been applied to Plaintiff's various loans, all of which have various interest rates." (Doc. 11 at 5.)

Finally, it may be true that Weinberg's demand for attorney's fees are part of the amount in controversy, but neither party has suggested how many hours may be spent on this case and by what method attorney's fees would be calculated. Thus, even if attorney fees are able to be properly recovered in this action, the Court does not know what effect the inclusion of attorney's fees has in bringing this case across the $75,000 threshold.

In sum, the Court cannot conclude that the amount in controversy exceeds $75,000. Therefore, the requirements for diversity jurisdiction under § 1332 are not satisfied in this action.

### C. Whether To Allow Jurisdictional Discovery

Defendants argue the Court should permit limited discovery to confirm the amount of damages Weinberg is seeking.

When it is not facially apparent from the complaint that the amount in controversy requirement is satisfied, "the court may consider facts in the removal petition, and may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335–36 (5th Cir. 1995)). "Our decisions do not, however, indicate that such discovery is required." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 691 (9th Cir. 2006) (affirming district court's remand to state court).

Where jurisdictional discovery "might well demonstrate facts sufficient to constitute a basis for jurisdiction," the denial of such discovery may constitute an abuse of discretion. *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003). With that said, "a mere hunch that discovery might yield jurisdictionally relevant facts" is an "insufficient reason[] for a court to grant jurisdictional discovery." *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 507

(9th Cir. 2023) (quoting *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 864–65 (9th Cir. 2023)).  Further, the district court does not abuse its discretion denying jurisdictional discovery except when there is "the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant."  *Id.* (quoting *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008)).

These principles apply to requests for jurisdictional discovery seeking to determine the amount in controversy.  *See, e.g.*, *Chavez v. Pratt (Robert Mann Packaging), LLC*, 2019 WL 1501576, at *6 (N.D. Cal. Apr. 5, 2019); *King v. Zak*, 2016 WL 1579234, at *3 n.4 (W.D. Wash. Apr. 20, 2016); *Pagone v. ABM Onsite Servs.–W., Inc.*, 2016 WL 356019, at *4 (C.D. Cal. Jan. 29, 2016); *Lomeli v. HD Supply, Inc.*, 2015 WL 6775919, at *4 (C.D. Cal. Nov. 6, 2015); *Tompkins v. C & S Wholesale Grocers, Inc.*, 2012 WL 639349, at *11 (E.D. Cal. Feb. 27. 2012).

Discovery is not warranted here.  This case does not present a situation where the Weinberg is in possession of facts that could establish diversity jurisdiction.  As noted above, Weinberg has asserted that, in the course of investigating the status of her student loans up to this point, she has been able to acquire only limited information from the pertinent sources—including Defendants—which is one of the reasons she has sought recourse through the courts.  (*See* Docs. 11 at 5–7; 20 at 5; 38 at 4.)  As alleged in her Complaint, she has knowledge only of the amounts that were borrowed, when they were borrowed,

13

the relevant interest rates, payments made on the debt, and the current balance of her loans.  As she candidly acknowledges, none of this information enables her to determine whether her loan has been properly handled or assess the validity of the amount claimed to be due.

Defendants, on the other hand, are alleged to have been servicers of Weinberg's federal student loans.  If that is so, Defendants would have access to all the records and information necessary to verify whether Weinberg's loans were properly administered, and would be able to determine whether the current balance on the loans is accurate.

The Court concludes that Defendants' arguments present insufficient reason to grant jurisdictional discovery.  Accordingly, Defendants' request for jurisdictional discovery should be denied.

## III.   CONCLUSION

Based on the foregoing, IT IS RECOMMENDED that Weinberg's Motion for Remand (Doc. 37) should be GRANTED.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies

/ / /

served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

    IT IS ORDERED.

    DATED this 2nd day of August, 2024.

                                                                      _____
                                                                        TIMOTHY J. CAVAN
                                                                        United States Magistrate Judge